UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5575-PA-KK | Date: | June 28, 2018 |
| Title: | *Magic Knight v. Martin Biter* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Sign

## I.
## INTRODUCTION

On May 20, 2018, Magic Knight ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition"). ECF Docket No. ("Dkt.") 1. The Petition sets forth three grounds for relief: (1) "[i]neffective assistance of [trial] counsel"; (2) "[the] appellate conclusion regarding [the] ineffective assistance claim [was] contrary to decisions of the United States Supreme Court"; and (3) his "[s]entencing [was] contrary to Miller v. Alabama[,] 567 U.S. 460 [(2012)]". Because the Petition does not include a signature, the Petition appears subject to dismissal. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, however, Petitioner neither signed nor dated the Petition. In fact, the signature page of the form petition appears to be missing. However, Petitioner signed his Declaration In Support Of Request To Proceed In Forma Pauperis, which was dated May 20, 2018. Dkt. 4. Thus, the Court deems May 20, 2018 the constructive filing date without prejudice.

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders Petitioner to respond to the Order in writing **no later than July 19, 2018**.

## II.
## THE PETITION DOES NOT INCLUDE A SIGNATURE

The district court may dismiss or refuse to file a petition that is unsigned or unverified by the petitioner. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990); Application of Gibson, 218 F.2d 320 (9th Cir. 1954), cert. denied, 348 U.S. 955 (1955).

Here, Petitioner did not sign the Petition. Although Petitioner's Declaration In Support Of Request To Proceed In Forma Pauperis is signed, Petitioner must also include the signature page for his Petition. Thus, the Petition is subject to dismissal because Petitioner did not sign it.

## III.
## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE **no later than July 19, 2018** why the Petition should not be dismissed for failure to sign the Petition.

Petitioner must address his failure to sign the Petition by filing a signed First Amended Petition. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition. **The Clerk of Court is directed to attach to this Order a copy of the Petition for Petitioner's reference and a blank Petition for Writ of Habeas Corpus form for Petitioner to use to file his First Amended Petition.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for his failure to comply with court orders and failure to prosecute.** See Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**